# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THE P&G HEALTH & LONGTERM DISABILITY PLAN, fka THE PROCTER & GAMBLE DISABILITY BENEFIT PLANS, | Case No. 1:18-cv-283 |
| | Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| JAVIER MOLINARY, | |
| Defendant. | |

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT (Doc. 12)

This case is before the Court on the Motion of Plaintiff The P&G Health & Longterm Disability Plan ("Plaintiff" or "Plan") for Default Judgment. (Doc. 12). Defendant did not respond.

## I.  PROCEDURAL HISTORY

Plaintiff filed its Complaint on April 24, 2018. (Doc. 1). Defendant was served with a copy of the summons and Complaint on August 1, 2018. Pursuant to Federal Rule of Civil Procedure 12(a), Defendant was required to file and serve his answer no later than August 22, 2018. To date, no responsive pleading has been filed or served. On September 13, 2018, the Clerk properly entered default. Subsequently, Plaintiff filed the instant motion for default judgment. (Doc. 12).

## II. FACTUAL BACKGROUND

Plaintiff brought this action for damages and other relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. Plaintiff administers the short-term and long-term disability plans for eligible Procter & Gamble ("P&G") employees. (Doc. 1 at ¶ 3). Defendant Javier Molinary was employed by P&G. (*Id.* at ¶ 4). On or about September 19, 2014, Defendant submitted his initial benefit application ("IBA") to apply for benefits under the terms of Plaintiff's disability benefits plan. (Doc. 1-2). In the IBA, Defendant agreed to apply for Social Security benefits and to inform the reviewing board of the results. (Doc. 1 at ¶ 6). Pursuant to the IBA, Defendant acknowledged that the disability benefit plan would be reduced by the amount of any governmental benefits and that Plaintiff had a right to recover any overpayment of benefits from Molinary. (*Id.* at ¶¶ 7–8). Defendant's IBA was approved and he received full short-term disability benefits from the Plan in the amount of $1,130.55 bi-weekly from September 23, 2014 to January 14, 2014. (*Id.* at ¶ 9).

Plaintiff alleges that Defendant began working for another employer outside of P&G beginning on or about October 8, 2014 while still receiving benefits from the Plan. The Summary Plan Descriptions ("SPD") requires that benefits for a participant stop when the participant recovers to the extent that he no longer qualifies as totally disabled under the Plan. (Doc. 1–3). Once Defendant began working, he no longer qualified as totally disabled under the SPD. (Doc. 1-4). On February 26, 2015, Plaintiff determined that it was proper to deny benefits to Defendant effective October 8, 2014 because Defendant was working while on total disability. (Doc. 1–5). Plaintiff overpaid

2

Defendant $8,520.94 in disability benefits. (Doc. 1 at ¶ 15). Defendant was notified of the overpayment by letter on March 12, 2015.

Instead of appealing Plaintiff's decision, Defendant agreed to pay $100 per month toward satisfaction of the debt. (*Id.* at ¶ 17). Plaintiff has only paid $1,000 toward satisfaction of the debt, leaving a balance due and owing to Plaintiff of $7,520.94

### III. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Murasaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## IV. ANALYSIS

Defendant having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Upon review of the record, the Court finds that default judgment is warranted in this case. Defendant's failure to respond to the Complaint, the application for entry of default, or motion for default judgment has made it clear that Defendant has no intention of defending this action. The record establishes that Plaintiff is entitled to default judgment in its favor on its claims of breach of contract, unjust enrichment, breach of fiduciary duty/ERISA trust, and constructive trust.

### A. Monetary Damages

To ascertain a sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 2:06-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Plaintiff has submitted the declaration of James D. Ludwig in support of its claim for damages. (Doc. 12-1). The declaration establishes that, as a result of Defendant's failure to repay his overpaid disability benefits from the Plan, Defendant owes $7,520.94 to Plaintiff related to the overpayment of disability benefits. (*Id.* at ¶ 7). Additionally,

Plaintiff is entitled to $481.88 in costs, plus post judgment interest at the statutory rate. (*Id.*). The allegations in the Complaint, and the evidence set forth by Plaintiff, establish that Plaintiff is entitled to a total of $8,002.82 in damages.

## V. CONCLUSION

For these reasons, Plaintiff's motion for default judgment (Doc. 12) is **GRANTED**. Accordingly:

1. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $8,002.82, plus interest at the legal rate from the date of judgment; and

2. This civil action is **TERMINATED** on the docket of this Court upon entry of Judgment.

**IT IS SO ORDERED.**

Date: 1/29/19

Timothy S. Black
United States District Judge